*McPherson, Champlin, for appellant.*

*Phelps & Son, for appellee.*

---

M. F. BUNHAM *v.* ENOS FOUGHN, AND OTHERS.

**Executors and Administrators—Liability of Administrator.**

Where an administrator has exhausted the personal estate in the payment of debts in full, and the proceeds of real estate are insuf-

ficient to give a claimant his pro rata portion of the whole estate, the administrator must account to him, and in case of deficiency, make up the deficit.

**Executors and Administrators—Order of Payment of Claims.**
Statement of order of payment of claims against estate.

### APPEAL FROM MARSHALL CIRCUIT COURT.

#### September 23, 1873.

OPINION BY JUDGE PRYOR:

The total liability of Bunham's estate, including the preferred claim and the costs of the action of the administrator for a settlement of the estate, including an allowance to himself, his attorney and commission fee, will amount to $1,350, or near that sum. To pay this sum there are about $725. Deduct from that asset the amount of preferred claims and all costs, say $200, and you have $525 to pay $1,150, and if this be the true result, the appellee has recovered already more than his pro rata portion of the estate.

Although the personal estate may have been exhausted by the administrator in the payment of debts in full, still when the amount of the personalty is added to the amount realized from the sale of the real estate and the appellee gets his pro rata portion, he is entitled to nothing more. If the proceeds of the real estate are insufficient to give him his pro rata portion of the whole estate, then the administrator must account to him. This statement of the accounts approximates what will likely be the result but cannot be exactly accurate as the costs of this litigation and expenses incurred by the administrator are not ascertained. The case should go to the commissioner. He will ascertain what personal estate was left to pay the debts, charging the administrator with interest on what was in his hands after two years or sooner if used for his own purposes. He will ascertain the amount realized from the sale of the real estate not including that sold by the widow. He will then ascertain the entire indebtedness of the estate with the interest, will deduct from the assets of the estate including the amount of personalty and sale of realty the preferred claims including the costs of the action for a settlement of the estate, commissioner's fee, attorney's fee, and allow the amount to the administrator. The commissioner's fee, attorney's fee and allowance to be fixed by the court.

No interest to be allowed on costs, commissioner's and attorney's fee.

After making this deduction the balance will be due the several creditors, each one being entitled to his pro rata share. On the coming in of the commissioner's report, if the appellee fails to get his pro rata share by reason of this payment in full out of the personalty of some of the creditors, the appellant must then make up the deficit. The proceeds of the land sold by the widow, as devisee, should not be taken into account. She sold as devisee and not as executrix. The sale could have been made by her if she had never qualified as executrix. *Clay v. Hart,* 7 Dana 1. There is not attempt, however, in the suit of the appellee to make the appellant liable by reason of the acts of his co-executor.

For the reasons indicated the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*P. Palmer, for appellant.*

*Bullock, for appellee.*